MARK SCHERZER, ESQ. (MS-2622)
Attorney for Plaintiff
7 Dey Street, Suite 600
New York, New York 10007
Tel: (212) 406-9606

06 CV 13272

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HAMILTON M. BROWER,

        Plaintiff,

  -against-

THE DEUTSCH, INC., LONG TERM
DISABILITY PLAN and CONNECTICUT
GENERAL LIFE INSURANCE COMPANY
d/b/a/ CIGNA GROUP INSURANCE,

        Defendants.
------------------------------------------------------------X

**COMPLAINT AND
JURY TRIAL DEMAND**

Plaintiff, Hamilton M. Brower, by his attorney, Mark Scherzer, Esq., for his Complaint, respectfully alleges:

### FIRST CAUSE OF ACTION:
### IMPROPER DENIAL OF DISABILITY BENEFITS

1.     This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, to contest a denial of benefits by defendant the Deutsch, Inc. Long Term Disability Plan (the "Plan").

2.     This court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, and pursuant to §§ 502(a)(1)(B) and (a)(3) of ERISA 29 U.S.C. §§ 1132(a)(1)(B), (a)(3), (e)(1), and (g).

3.     Venue is appropriate in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. §

1132(e)(2), because the alleged breach of the plan, the termination of benefits to plaintiff, occurred here.

4. Plaintiff, Hamilton M. Brower, has at all relevant times been a citizen of the State of New York, residing in New York County.

5. Upon information and belief, defendant Connecticut General Life Insurance Company, d/b/a/ CIGNA Group Insurance ("CIGNA"), is a corporation with its principal place of business at Two Liberty Place, 1601 Chestnut Street, Philadelphia, Pennsylvania, and is engaged in the business, *inter alia*, of issuing and administering policies of group long term disability insurance in New York.

6. Plaintiff at all relevant times was a covered participant in the Plan.

7. Coverage was provided to plaintiff as an employee of Deutsch, Inc. ("Deutsch"), an advertising agency which has its principal place of business at 111 Eighth Avenue, New York, New York.

8. The Plan's coverage is insured under Policy No. BNK-2257 issued by CIGNA. Upon information and belief, CIGNA acts as both the Plan's insurer and its claim administrator.

9. Upon information and belief, the Plan does not confer discretion on CIGNA either with regard to its determination of claims or its interpretation of Plan terms.

10. The Plan is an "employee welfare benefit plan" or a "welfare plan" subject to ERISA, including its civil enforcement provisions. ERISA §§ 3(1), 3(3), 4(a), 502(a)(1)(B), and (a)(3), 29 U.S.C. §§ 1002(1), (3), 1003(a), 1132(a)(1)(B), and (a)(3).

11. As a result of the combined disabling effects and symptoms of HIV/AIDS, and medication side effects, Mr. Brower became disabled from his employment on or about May 5, 1997. At that time, he was employed by Deutsch as Senior Vice President – Account Director.

12. At the time he became disabled, plaintiff's "basic earnings" on an annual basis were $125,000.00.

13. The Plan provides that "[a]ll active full-time Executives actively at work, over age 18, working a minimum of 30 hours per week, [and] earning over $100,000" are categorized as "Class 1."

14. Mr. Brower was a "Class 1" employee at all relevant times.

15. For a Class 1 employee, the Plan provides a long term disability benefit payable after a 90 day "benefit waiting period" if he has either a "disability" or "residual disability." If disability commences before the policyholder's 60th birthday, benefit payments extend to age 65. Under the Plan, "[a]n Employee will be considered Disabled if because of Injury or Sickness, he is unable to perform all the material duties of his occupation." The monthly disability benefit is 60% of the plan employee's "Basic Monthly Earnings," but cannot exceed a maximum benefit of $12,000.00 per month, which CIGNA is entitled to reduce by a specified list of "Other Benefits," such as Social Security disability benefits.

16. On or about August 25, 1997, CIGNA determined that Mr. Brower was disabled under the terms of the Plan and entitled to benefits at the pre-offset rate of $6,250 per month, commencing August 4, 1997.

17. Because Mr. Brower was approved for Social Security disability benefits, CIGNA was entitled to reduce his Plan benefits by $1,362, reducing Mr. Brower's net benefit to $4,888.00 per month.

18. CIGNA periodically collected and reviewed information from Mr. Brower and his physicians from August, 1997, through June, 2005, continued to find him disabled under the terms of the Plan, and continued to pay him benefits.

3

19. Upon information and belief, CIGNA initiated a "review for assessment" in June, 2005, which culminated in CIGNA's termination of benefits effective December 27, 2005, although it extended benefits for an additional month, through January 26, 2006, "to prevent financial hardship."

20. Through counsel, and pursuant to his rights under ERISA and the Plan, Mr. Brower requested review of CIGNA's termination of benefits on or about June 7, 2006.

21. On or about August 18, 2006, CIGNA denied Mr. Brower's appeal and refused to reinstate his disability benefits.

22. Mr. Brower has exhausted the Plan's internal appeal procedures.

23. Mr. Brower continues to be disabled under the terms of the Plan and the evidence in the administrative record demonstrates that Mr. Brower could not, because of his compromised immune system and a combination of symptoms, including fatigue, diarrhea, and cognitive deficits perform material duties of his prior occupation as a Senior Vice President – Account Director.

24. Mr. Brower is entitled to long term disability benefits under the terms of the Plan.

25. CIGNA's termination and refusal to reinstate Mr. Brower's disability benefits was erroneous, against the weight of the evidence, and in violation of the terms of the Plan.

26. CIGNA's termination and refusal to reinstate Mr. Brower's disability benefits was additionally arbitrary and capricious, in that, among other things:

- CIGNA failed to address the totality of Mr. Brower's physical and cognitive conditions and the impact of his complex medication regimen;

- CIGNA failed to judge Mr. Brower's disability by the "own occupation" standard set forth in the plan and improperly relied throughout the consideration of his claim on

generic and incomplete job descriptions;

- Although recognized by CIGNA's staff in earlier approvals of the claim, the long hours, high stress, cognitive demands and constant travel of Mr. Brower's occupation were ignored by CIGNA when it terminated his benefits and when it upheld that termination;

- CIGNA ignored the consistent opinion of Mr. Brower's treating Nurse-Practitioner (with long experience in and strong qualifications for the treatment of HIV), as well as the opinion of an examining neuropsychologist (also with particular expertise in HIV), and instead relied on the opinions of two medical consultants who: (i) never examined Mr. Brower personally, (ii) had no relevant medical expertise, (iii) were provided incomplete of records to review, (iv) failed to address the opinions of Mr. Brower's medical experts, (v) improperly excluded from consideration all evidence other than "objective" evidence, and (vi) failed to address Mr. Brower's ability to perform the actual demands of "his occupation";

- CIGNA failed to identify any substantial improvement in Mr. Brower's physical and cognitive conditions which would justify terminating his benefits after previously approving them;

- CIGNA failed to provide full and fair review of its claim denial, by, among other things, failing to supply Mr. Brower with a complete copy of the administrative record to use in appealing the denial;

- CIGNA's claim examiners and its medical consultants selectively combed the administrative record for facts and notations supporting its decision to terminate benefits, while ignoring and failing to address those facts which were inconsistent with that decision; and

5

- CIGNA ignored and failed to consider, without explanation or reason, Mr. Brower's own statements describing his symptoms and limitations as well as the statements of his employer, caregivers, and friends which similarly documented these symptoms and limitations.

27. As a result of CIGNA' actions, Mr. Brower has been damaged in the total amount of $43,992.00, constituting unpaid Plan benefits accrued through October 26, 2006, and will continue to be damaged in the amount of $4,888.00 for each subsequent month in which benefits are not paid.

**WHEREFORE**, plaintiff demands judgment

> on his first cause of action against CIGNA and the Deutsch Long Term Disability Plan, awarding him not less than $43,992.00 plus $4,888.00 for each additional month after October 26, 2006, that accrues until the date of judgment, with pre-judgment interest from the accrual date of each benefit payment,

together with the reasonable attorneys' fees and costs of this action and such other, further and different relief as to the Court seems just, proper, and equitable.

## JURY TRIAL DEMAND

**PLEASE TAKE NOTICE** that plaintiff requests a jury trial on all issues so triable.

Dated:  New York, New York
        November 16, 2006

                                          _____
                                          MARK SCHERZER, ESQ. (MS-2622)
                                          Attorney for Plaintiff
                                          7 Dey Street, Suite 600
                                          New York, New York 10007
                                          Tel: (212) 406-9606